Filed 5/1/23  P. v. Richards CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ZANE BRONSON RICHARDS, <br><br> Defendant and Appellant. | A164860 <br><br> (Del Norte County <br> Super. Ct. No. CRF21-9235) |

Zane Bronson Richards appeals after a jury convicted him of assault by means of force likely to produce great bodily injury and found true a great bodily injury enhancement.  His appointed appellate counsel has filed a brief raising no issues but seeking our review pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Our independent review of the record reveals no arguable issues, so we affirm.

### BACKGROUND

Benjamin V.[1] was sitting at a slot machine at the Lucky 7 Casino when his brother, Allen V., returned from the bar and said someone at the bar was "talking crap" about Asians and wanted to fight him.  Intending to deescalate the situation, Benjamin walked over to the bar with Allen, sat down next to

---

[1] The brothers share a common surname.  For clarity, we will use the brothers' first names.

1

Richards, and asked "what's up?  What's the issue between you and my brother?"

Richards did not respond, so Benjamin stood up to leave. Suddenly Richards punched him in the face, knocking him out. Richards landed two more punches to Benjamin's head as he lay unconscious on the floor.  Security footage of the assault was played to the jury.

Richards's blows dislodged both of Benjamin's top front teeth and broke one of his lower teeth.  He also suffered a black eye and eye pain; dizziness and light sensitivity; a fractured upper jawbone; and facial pain and swelling.

Richards denied having said anything about Asians or challenging Allen in any way.  He testified he was sitting at the bar when Benjamin, with Allen in tow, approached from behind, said "I heard you were talking crap about Asians.  Let's handle it as men," and sat down next to him on his right.  Allen was standing behind Richards on his left.  Richards felt "cornered" by the two men.  Afraid for his life, he struck Benjamin to defend himself.  He did not realize at the time that his initial blow knocked Benjamin unconscious.

Richards was charged with assault by means of force likely to produce great bodily injury (count one) and misdemeanor battery (count two), with enhancements as to count one for committing a hate crime and inflicting great bodily injury.  The court subsequently dismissed the hate crime allegation on the district attorney's motion.

The jury returned a guilty verdict on count one and found the great bodily injury allegation true.  The court imposed the aggravated four-year term on count one and a consecutive three years for the enhancement, for a total term of seven years, and dismissed count two.  It reserved victim restitution, revoked probation and imposed concurrent one-year terms in two other

cases with credit for time served, and reserved jurisdiction over restitution beyond a stipulated amount. The court imposed protective orders as to Benjamin and Allen, a $300 restitution fund fine (stayed until Richards started earning prison wages), a $40 court operations assessment, and a $30 conviction assessment. It imposed and stayed a $300 parole revocation restitution fine. Richards was awarded 246 actual and conduct credits.

The court subsequently recalled the sentence and resentenced Richards to the three-year midterm on count one pursuant to a recent amendment to Penal Code section 1170 (Sen. Bill No. 567 (2021-2022 Reg. Sess.), Stats. 2021, ch. 731, § 1.3), for a total term of six years.

## DISCUSSION

Richards's counsel has represented that he advised Richards of his intention to file a *Wende* brief in this case and of Richards's rights to submit supplemental written argument on his own behalf and request that counsel be relieved. Richards has done neither of those things. This court has reviewed the entire record on appeal for potential error. No issue requires further briefing.

## DISPOSITION

The judgment is affirmed.

3

_____
BURNS, J.


We concur:


_____
JACKSON, P.J.


_____
LANGHORNE, J.*


A164860

---

* Judge of the Napa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4